# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:00CR10101 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CLAUDE GENE SLOAN**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Claude Gene Sloan, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a pleading that he styles as a "Motion for Nunc Pro Tunc." Upon review of the motion and the court's records, I find that defendant's claims could have been raised in a direct appeal or in a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006). Therefore, I conclude that the current motion must be construed as a § 2255 motion and dismissed as successive.

Claude Gene Sloan pleaded guilty in March 2001, pursuant to a written plea agreement, to one count of manufacturing marijuana. I sentenced him in July 2001 to sixty months in prison, to be served consecutive to his previously imposed state sentence. No appeal was filed. In July 2003, Sloan filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to § 2255, that I dismissed as untimely filed.

*Sloan v. United States*, No. 7:03CV00783 (W.D. Va. April 30, 2004), *appeal dismissed for failure to prosecute*, No. 04-6879 (4th Cir. Sept. 29, 2004). He also subsequently filed another pleading that I construed and dismissed as a successive § 2255 motion. *Sloan v. United States*, No. 7:06CV00684, 2006 WL 3692666 at *1 (W.D. Va. Dec. 13, 2006), *appeal dismissed*, 224 F. App'x 238 (4th Cir.), *cert. denied*, 128 S. Ct. 148 (2007).

In his current motion, Sloan asserts that because his state offenses were considered in calculating his federal sentence under the federal sentencing guidelines, this court should now issue an order, nunc pro tunc, to run his federal sentence concurrent to his state sentence. He cites no legal authority under which I could make this change in his case now, years after entering judgment. Therefore, I find that his motion is properly construed and addressed as a § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Court records indicate that the defendant previously filed a § 2255 motion concerning this same conviction and sentence. Because the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255

Case 2:00-cr-10101-JPJ   Document 69   Filed 01/06/09   Page 2 of 3   Pageid#: 25

motion, I must dismiss his current action without prejudice.   A separate Final Order

will be entered herewith.

ENTER: January 6, 2009

/s/ JAMES P. JONES
Chief United States District Judge