# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** )  | |
| ) | Case No. 2:00CR10101 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CLAUDE GENE SLOAN**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Claude Gene Sloan, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a pleading that he styles as a "MOTION FOR RELIEF OF EXTRINSIC FRAUD/MOTION FOR RELIEF OF MISREPRESENTATION OF FACTS OF THE LAW." As legal authority for the relief he seeks, he cites Rule 60(b) of the Federal Rules of Civil Procedure. Upon review of the motion and court records, I find that defendant's claims concerning the alleged illegality of his criminal sentence could have been raised in a direct appeal or in a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2008). Therefore, I conclude that the current submission must be construed as a § 2255 motion and dismissed as successive.

Claude Gene Sloan pleaded guilty in March 2001, pursuant to a written plea agreement, to one count of manufacturing marijuana. I sentenced him in July 2001

to sixty months in prison, to be served consecutive to his previously imposed state sentence. No appeal was filed. In July 2003, Sloan filed a motion pursuant to § 2255, that I dismissed as untimely filed. *Sloan v. United States*, Case No. 7:03CV00783 (W.D. Va. Apr. 30, 2004), *appeal dismissed for failure to prosecute*, No. 04-6879 (4th Cir. Sept. 29, 2004). He later filed another pleading that I construed and dismissed as a successive § 2255 motion. *Sloan v. United States*, Case No. 7:06CV00684 (W.D. Va. Dec. 13, 2006), *appeal dismissed*, Case No. 07-6014 (4th Cir. Apr. 18, 2007). In December 2008, Sloan filed a pleading styled as a "Motion for Nunc Pro Tunc," which I also construed and dismissed as a successive § 2255 motion. *Sloan v. United States*, Case No. 2:00CR10101S (W.D. Va. Jan. 6, 2009).

In his current motion, Sloan seeks to have his sentence vacated under Rule 60(b)(3). This section provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b)(3). Sloan asserts that the court committed "extrinsic fraud and misrepresentation of facts in determining the sentence to be imposed consecutive, because the statutes require concurrent sentence[s]." (Dkt. No. 1, at 2, May 20, 2009.) Specifically, he argues that I should have run his federal sentence concurrent

-2-

to the 27-year state sentence he is now serving because (1) the state charges were related to the marijuana-growing operation from which the federal charges stemmed; (2) the prior state convictions were taken fully into consideration in determining his Criminal History Category for federal sentencing purposes; and (3) the offense conduct from the state charges was considered as relevant conduct for federal sentencing purposes.

For several reasons, Sloan is not entitled to the relief he seeks. First, Rule 60(b)(3), by its own terms, applies only in situations where "an opposing party" has committed fraud, misrepresentation, or misconduct. The court is not a party to Sloan's case.

Second, Rule 60(b) is not a vehicle by which a defendant may seek relief from a criminal judgment or sentence. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. *See* Fed. R. Civ. P. 1, 81; *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999). "Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case." *O'Keefe,* 169 F.3d at 289.

Third, Sloan could have raised his claims regarding the alleged illegality of his federal sentence at the time of sentencing, on appeal, or in a timely filed § 2255

Case 2:00-cr-10101-JPJ   Document 76   Filed 07/09/09   Page 3 of 4   Pageid#: 44

motion.  Therefore, I find that his motion is properly construed and addressed as a § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.  *See* § 2255(h).  Because the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.   A separate Final Order will be entered herewith.

ENTER: July 9, 2009

/s/ JAMES P. JONES
Chief United States District Judge

Case 2:00-cr-10101-JPJ   Document 76   Filed 07/09/09   Page 4 of 4   Pageid#: 45