# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:18CR00004 |
| ) | Case No. 2:00CR10101 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CLAUDE SLOAN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in a defendant's sentence if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission" after considering the factors set forth in 18 U.S.C. § 3553(a).[1] The defendant's motion has been fully briefed and is ripe for decision.

---

[1] The Sentencing Commission has adopted such policy provisions. Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not

I.

Sloan was sentenced by this court on November 14, 2018, after pleading guilty to the following three counts: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (2) manufacture and possession with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) distribution of marijuana, in violation of §§ 841(a)(1) and 841(b)(1)(D).  The court determined he had a guideline range of 37 months to 46 months, based on a Total Offense Level of 19 and a criminal history score of III. However, the court varied upward due to the serious nature of Sloan's criminal conduct.  Sloan was sentenced to a total term of 144 months.  Sloan also violated his supervised release for a prior federal conviction by committing the instant offense, and he was sentenced to serve an additional 24 months consecutive to his 144-month sentence.² His present projected release date is February 16, 2030.

---

a danger to the safety of any other person or to the community."  U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). These policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate.  But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of Prisons ("BOP") is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

² I have considered Sloan's motion to be filed in both of his cases.

Sloan has been diagnosed with elevated cholesterol, high blood pressure, hypothyroidism, pulmonary fibrosis, and gout, and he has received treatment while incarcerated. Bureau of Prisons Health Services, Clinical Health Encounter 2, ECF No. 100. Sloan is incarcerated at Ashland FCI in Ashland, Kentucky. Ashland FCI has no active cases as of July 16, 2020. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 16, 2020).

Sloan filed a pro se motion with this court on May 14, 2020, pursuant to the Coronavirus, Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020), in which he sought release to home confinement.

Following his pro se filing in this court, the Federal Public Defender was appointed to represent Sloan and that office filed a supplemental motion limited to § 3582(c)(1)(A), seeking to terminate his sentence, based on his health issues and the Covid-19 pandemic. Sloan noted that he would live with one of his sons if he was to be released; namely, the son who had conspired with him to commit some of the underlying criminal conduct. In its response, the United States argued that the BOP has adopted adequate policies to protect inmates and staff from infection. It acknowledged Sloan's advanced age places him at higher risk of severe results from contracting Covid-19, but it asserted the same is not true for his underlying health conditions. The government noted its concern about Sloan's proffered plan to return

to his home and stay with his son due to his past abusive behavior toward his neighbors and past criminal conspiracies with his son.  Ultimately, the government concluded that he is not a good candidate for compassionate release because of the serious nature of his underlying conduct, his criminal record, and his recidivism risk. Sloan emphasized in his reply that while he understood the government's concern about his release plan, he had no other place to reside other than his home.

## II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).  While exhaustion of administrative remedies is not a jurisdictional issue,[3] it is a mandatory condition, that when

---

[3] In considering § 3582(c)(2), a separate subsection setting forth another exception to the rule that a district court may not modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence does not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (holding that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such")  (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).  Based on this precedent, I do not find that failure to exhaust administrative remedies is a jurisdictional bar under § 3582(c)(1)(A)) and thus it can be waived by the government.

"properly invoked . . . must be enforced." *Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S. Ct. 13, 17 (2017).

The government does not contend that Sloan has failed to fully exhaust his administrative remedies required under § 3582(c)(1)(A), even though it contends that the Warden denied his administrative request for compassionate release within 30 days. If the government had not waived the exhaustion requirement, Sloan would have had to complete the full BOP administrative appeals process before turning to this court for relief. *See United States v. Nance*, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020). Therefore, his request is ripe for my consideration. The USSG advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement. USSG § 1B1.13.

Sloan is 77 years old. He did not graduate from high school, but he later obtained a GED while in the Army and a bachelor's degree in theology from an online school while incarcerated. He has received specialized training as an electrician, and he obtained a certification in radio electronics. He retired in 1999, and he has since been unemployed. Sloan has two adult sons, one of whom was a

coconspirator in Sloan's criminal conduct. Sloan's criminal history includes convictions for conspiracy, arson, obstruction of justice, and manufacturing marijuana. However, his apparently limited criminal history minimizes the severity of his past criminal conduct; namely, his use of intimidation tactics and destruction of property to silence his victims. He has denied a substance-abuse history, but he has admitted to experimenting with marijuana and cocaine while in the Army.

The facts supporting his conviction are serious in nature. Sloan operated a substantial marijuana growing business from his family farm and with his son's assistance. He would harvest up to 30 pounds of marijuana at a time. He then sold portions of the marijuana to local distributors for personal use or resale. Sloan also asked one of his buyers to commit separate crimes for him. He asked the individual to burn down his brother's home and to give him and his son a ride to kill a former witness against him in a prior federal criminal case. He offered to pay the individual to kill a neighbor's dog and to burn down two different homes. Finally, he had a confidential informant recover one of his previously owned firearms despite his prior criminal record.

Sloan has demonstrated an inability to comply with the law, as he has spent a majority of his life incarcerated and he returned to his criminal lifestyle shortly after receiving the benefit of geriatric parole. Most importantly for the § 3553(a) analysis, Sloan has a concerning history of turning to violent behavior such as arson,

destruction of property, and threatening others.[4] In the end, Sloan has shown a consistent refusal to follow the rules and his noncompliance may continue if he were to be released at this stage. Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Sloan is not qualified for such extraordinary relief.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motions, Case No. 2:18CR00004, ECF Nos. 90 and 97, and Case No. 2:00CR10101, ECF No. 128, are DENIED.

ENTER: July 16, 2020

/s/ JAMES P. JONES
United States District Judge

---

[4] As I stated at his sentencing in 2018:

> I recognize Mr. Sloan's age, but it's clear that Mr. Sloan is an intelligent person who testified in an alert and clearly rational manner. I think Mr. Sloan has many years ahead of him. He's certainly capable now, as he will be for some time, of committing further crimes, and I don't know of any reason why he would not.

Tr. 73, ECF No. 81.